JUSTICE SHEA
concurring:
I join the majority opinion, but the procedural background helps to explain why the plaintiff was compelled to take an appeal in the first instance.
Originally, the defendant filed in District Court a motion to dismiss the complaint. Briefs were filed but it does not appear from the District Court file that the case was evér noticed for hearing on the motion to dismiss. Suddenly a minute entry was filed by the clerk of the District Court which stated that the trial judge (not the same judge who appears on the face sheet of the present opinion) had granted the motion to dismiss. A judgment was never entered, but the plaintiffs filed a notice of appeal and appellate briefs were filed by both sides. In studying the case on appeal, this Court discovered that a judgment had never been entered and so remanded the case for entry of judgment. The trial court then simply went along with the original minute entry to the other trial judge, which indicated that the motion to dismiss had been granted. A judgment was entered, and then this Court proceeded to hear the appeal on the merits.
It does not appear that the original judge who granted the motion to dismiss did anything beyond a pro forma order directing the clerk to enter a minute entry that the motion to dismiss had been granted. Certainly any judge, before dismissing a case, and compelling a party to take an appeal, should at least give an explanation of why the complaint was dismissed. That, of course, was not done. This is a little more understandable when one considers that the defendant worked for some time for the trial judge who granted the defendant’s motion to dismiss. Such are the realities of practicing law and far too frequent judicial decision making in Montana.